UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACLYN FUNKE,

          Plaintiff,

v.                                                                  Case No. 13-10012

GREEKTOWN CASINO, LLC,                       HON. TERRENCE G. BERG
                                                  HON. MONA K. MAJZOUB
          Defendant.
_____/

**ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS WITHOUT PREJUDICE**

This matter is before the Court on Defendant Greektown Casino's February 15, 2013 motion to dismiss for failure to state a claim upon which relief can be granted. The parties have fully briefed the motion, and oral argument was heard on May 6, 2013.

For the reasons set forth below, Defendant's motion to dismiss (Dkt. 7) is GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE. It is FURTHER ORDERED that any motion to amend the complaint must be filed in this case, with a copy of the proposed amended complaint, on or before July 21, 2013, or a judgment of dismissal with prejudice will be entered by the Court.

**I.     FACTUAL BACKGROUND**

Plaintiff Jaclyn Funke is a Caucasian woman and a resident of Illinois, who was formerly a supervisory employee at Greektown Casino. (Compl. ¶¶ 1–4.)

Defendant Greektown Casino, LLC, is a Michigan company that operates the Greektown Casino in Detroit, Michigan, and the former employer of Plaintiff. (Compl. ¶ 2.)

On or around March 8, 2012, Plaintiff's employment with Defendant was terminated. (Compl. ¶ 3.) Plaintiff alleges that her race was a significant factor in the termination of her employment. (Compl. ¶ 5.) She "filed a charge of race discrimination with the Equal Employment Opportunity Commission and received her Right to Sue Letter shortly after October 24, 2012, and this lawsuit [was] timely filed within the ninety . . . day limitation period." (Compl. ¶ 6.)

Plaintiff further alleges that: (1) "[f]or the most part, employees terminated by the Defendant in 2012 were Caucasian or of races other than African American"; (2) that "the management of the Casino has been primarily African American"; (3) that "the management in charge of Plaintiff's department while Plaintiff was employed and presently is predominantly African American"; (4) that "a pattern and practice has developed in the Greektown Casino where non-African American employees are being eliminated from the workforce, particularly in management positions"; (5) she "complained to her supervisor and upper management that she was being discriminated against on the basis of her race"; and (6) that Defendant retaliated against her for making her complaints. (Compl. ¶¶ 10–16.)

On January 2, 2013, Plaintiff filed this Complaint alleging the following three counts: (i) race discrimination in violation of 42 U.S.C. § 2000e-2; (ii) race

2

discrimination in violation of Michigan Compiled Laws § 37.2202; and (iii) retaliation in violation of Michigan Compiled Laws § 37.2701.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3) documents that are a matter of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings).

### III. ANALYSIS

Applying the legal standards set forth above, it is clear that Plaintiff has failed to state a claim upon which relief can be granted. All three counts of her complaint fail to allege sufficient facts to permit the court to infer that the defendant is liable for the claims of misconduct. The complaint therefore fails to articulate a facially plausible claim for relief, and must be dismissed.

**A.    Counts I and II: Employment Discrimination Claims Under 42 U.S.C. § 2000e-2 and Michigan Compiled Laws § 37.2202.**

Counts I and II of Plaintiff's complaint allege that Defendant violated 42 U.S.C. § 2000e-2 and Michigan Compiled Laws § 37.2202 by discriminating against Plaintiff during her employment and by terminating her employment because of her race. These statutes make it unlawful for an employer to, among other things, "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1).[1] Defendant argues that Plaintiff has failed to identify any conduct proscribed by the statutes and that her complaint does not contain factual allegations sufficient to support an employment-discrimination claim. (Def.'s Mot. Dismiss 5–6.)

To survive a motion to dismiss for an employment-discrimination claim, a plaintiff "[is] not required to plead facts establishing a prima facie claim for relief." *Lindsay v. Yates*, 498 F.3d 434, 439 (6th Cir. 2007). Instead, "an employment-discrimination plaintiff satisfies her pleading burden by drafting a 'short and plain statement of the claim' consistent with Rule 8(a)." *Id*. The Court must, however, also apply the plausibility standard from *Iqbal*: "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

    1. Plaintiff has failed to plead facts establishing a violation of 42 U.S.C. § 2000e-2.

Here, Plaintiff alleges in count one that (1) she is Caucasian, (2) her race was a "significant factor in the termination of [her] employment," and (3) "Defendant through management violated 42 U.S.C. § 2000 E-2 [sic] by discriminating against the Plaintiff in the workplace, by terminating her employment[,] and basing employment decisions or conditions on the Plaintiff because of race." (Compl. ¶¶ 4,

---

[1] The language of Michigan Compiled Laws § 37.2202 is slightly different, but, for the purposes of this order, effectively the same.

5

5, 8.) Those are essentially the only allegations for Count One. Of those, the only allegation entitled to the assumption of truth is that Plaintiff is a Caucasian woman—the other two allegations are plainly conclusory and thus not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 664; *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012) (finding that "vague and conclusory allegations that [defendant] acted with 'a discriminary intent, purpose, and motivation' . . . [did] not transform [plaintiffs'] otherwise insufficient factual pleadings into allegations that support an inference of discriminatory animus."); *Fernanders v. Michigan Dep't of Military & Veteran Affairs*, No. 12-CV-11752, 2012 WL 6088311, at *3 (E.D. Mich. Dec. 6, 2012) (finding that an allegation that Defendant discriminated against Plaintiff "due to [Plaintiff] being Black" was conclusory and not sufficient to establish plausibility).

Plaintiff's claim lacks "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim." *HDC, LLC*, 675 F.3d at 611 (internal citations omitted) (quoting *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010)).

Plaintiff alleges that she was fired because of her race, but she does not offer a single fact in support of that allegation other than that she is Caucasian. Plaintiff clearly believes that she was fired because of her race, but she has not explained *why* that is so—she has not provided "*factual content* . . . to allow the court to draw

[a] reasonable inference" that her claim is plausible. *Id.* (emphasis added). A properly pled complaint should allege specific facts—should tell what happened—that causes Plaintiff to believe (and plausibly supports the conclusion) that she was fired because of her race. This complaint fails to offer such facts.

> 2. Plaintiff has failed to plead facts to establish a violation of Michigan Compiled Laws § 37.2202.

Plaintiff makes the following additional allegations as to count two: (1) that most of the employees terminated in 2012 were "Caucasian or of races other than African American"; (2) the management of the Casino was primarily African American and the management of Plaintiff's former department was predominately African American; (3) that "a pattern and practice has developed in the . . . Casino where non-African American employees are being eliminated from the workforce, particularly in management positions"; and (4) Defendant "violated MCLA 37.2202." (Compl. ¶¶ 10–13.)

The first and second of these allegations contain some more specific facts, but they are still not enough. Plaintiff has alleged that "for the most part" employees terminated in 2012 were Caucasian or of a race other than African American, but she does not include allegations that would suggest that this alleged fact should be viewed with suspicion—e.g., that the ratio of terminated non-African American employees to terminated African American employees is skewed from the ratio of all non-African American employees to all African American employees.[2] Without this

---

[2] In other words, is the percentage of terminated employees who are not African American strikingly different from the percentage of employees as a whole who are not African American?

7

information, the allegation is insufficient—it may just be that the majority of Greektown employees outside of management are non-African American, and that a completely neutral lay-off of any percentage of employees would likely affect a greater number of non-African Americans because they represent a majority of the workers—one cannot tell from the limited facts in the complaint. She also has not alleged facts sufficient to make it plausible that race was the reason for the possible disparity in terminations. The additional allegation that the management is primarily or predominately African American is, on its own, unhelpful—that the management is predominately African American does not suggest that Plaintiff was terminated for an unlawful reason.

The third new allegation, that there is a "pattern and practice" of discriminatory terminations, is generally not an allegation that can be used to prove an individual claim of employment discrimination. *See Bacon v. Honda of Am. Mfg.*, Inc., 370 F.3d 565, 575 (6th Cir. 2004) ("[T]he pattern-or-practice method of proving discrimination is not available to individual plaintiffs. We subscribe to the rationale that a pattern-or-practice claim is focused on establishing a policy of discrimination; because it does not address individual hiring decisions, it is inappropriate as a vehicle for proving discrimination in an individual case.") "[P]attern-or-practice evidence may," however, "be relevant to proving an otherwise-viable individual claim for disparate treatment under the *McDonnell Douglas* framework." *Id.* Nevertheless, without further support to the first and second allegations above, or

8

additional allegations, this allegation is also conclusory and not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 664; *HDC, LLC*, 675 F.3d at 611, 613.

The fourth allegation above, that Defendant violated the statute, is plainly conclusory.

Plaintiff has failed to plead facts sufficient to state a plausible claim under both counts one and two, therefore those claims must be dismissed. *See, e.g., Iqbal*, 556 U.S. at 678.

### B. Count III: Retaliation in Violation of Michigan Compiled Laws § 37.2701.

Plaintiff's third count alleges that Defendant's managers discriminated against Plaintiff by retaliating against her for complaining of race discrimination, violating Michigan Compiled Laws § 37. 2701. Defendant argues that this claim is conclusory and fails to state a claim.

A plaintiff who alleges retaliatory discharge under section 37.2701 must show: (1) that the plaintiff engaged in a protected activity; (2) that this was known by the defendant; (3) that the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action. *See Cooney v. Bob Evans Farms, Inc.*, 645 F. Supp. 2d 620, 635 (E.D. Mich. 2009) (citing *Barrett v. Kirtland Cmty. Coll.*, 628 N.W.2d 63, 70 (Mich. App. 2001)).

Here, Plaintiff has made the following additional allegations: (1) she "complained to her supervisor and upper management that she was being discriminated against on the basis of her race"; (2) Defendant's management

9

"retaliated against her for her complaints to management about race discrimination" and that the "retaliation consisted of repeated harassment on the job," humiliation, unjustifiably reprimanding her, and ultimately terminating her employment; and (3) that Defendant violated section 37.2701. (Compl. ¶¶ 15–16.)

The first and second of these new allegations together arguably satisfy the first, second, and third pleading requirements for her claim. But the fourth pleading requirement is not met—Plaintiff fails to include any factual allegations that lead the Court to plausibly believe that there was a causal connection between her complaining about being discriminated against and the alleged retaliatory activity. Similar to the other two counts, Plaintiff clearly believes that she was retaliated against because of her alleged complaints, but she has not explained *why* that is so—she has not provided "factual content . . . to allow the court to draw [a] reasonable inference" that her claim is plausible. *HDC, LLC*, 675 F.3d at 611.

Plaintiff has failed to plead facts sufficient to state a plausible claim under count three, therefore that claim must be dismissed. *See, e.g., Iqbal*, 556 U.S. at 678.

## CONCLUSION

Accordingly, it is ORDERED that Defendant's motion to dismiss (Dkt. 7) is GRANTED and that the complaint is DISMISSED WITHOUT PREJUDICE. It is FURTHER ORDERED that any motion to amend the complaint must be filed in this case, with a copy of the proposed amended complaint, on or before July 21, 2013, or a judgment of dismissal with prejudice will be entered by the Court.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: June 28, 2013

### Certificate of Service

I hereby certify that this Order was electronically submitted on June 28, 2013, using the CM/ECF system, which will send notification to each party.

                                                      By:  s/A. Chubb  
                                                            Case Manager